UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
JUL 17 2014
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JULIAN ANTHONY WORTHEY (D-1),

    Defendant.

_____/

Criminal Case No. 09-20032

HON. DENISE PAGE HOOD

## ORDER DENYING MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582

This matter is before the Court on Defendant Julian Anthony Worthey's Motion for Reduction of Sentence Pursuant to Fair Sentencing Act, 18 U.S.C. § 3582(c)(2), USSG 1.B1.10 and the 2011 crack cocaine amendments to the Sentencing Guidelines. The Governmennt filed a response to the motion.

On May 12, 2009, Worthey entered a plea of guilty to Count One of the Indictment, Possession with Intent to Distribute Cocaine Base, 21 U.S.C. § 841(a)(1). On October 15, 2009, the Court imposed a sentence of imprisonment of 120 months, followed by five years of supervised release. (Judgment, Doc. No. 21) This matter is now before the Court on Worthey's Motion for Reduction of Sentence.

In 1987, the United States Sentencing Commission adopted a 100 to 1 ratio with regards to treating every gram of crack cocaine as the equivalent of 100 grams

of powder cocaine when it first promulgated the United States Sentencing Guidelines. *Kimbrough v. United States,* 522 U.S. 85 (2007). In 2007, the Commission amended the Guidelines to reduce by two levels the base offense level associated with each quantity of crack cocaine. See USSG Supp. App. C, Amdt. 706 (effective Nov. 1, 2007). In 2008, the Commission made that amendment retroactive. *Id.,* Amdt. 713 (effective Mar. 3, 2008). When the Commission makes a Guideline amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes the trial court to reduce an otherwise final sentence that is based on the amended provision. A defendant subject to a statutory mandatory minimum sentence is not eligible for reduction because Amendment 706 does not lower a defendant's applicable guideline range. *United States v. Johnson,* 564 F.3d 419, 423 (6th Cir. 2009). A defendant is not eligible for reduction where the original sentence was based on the career-offender guidelines and not the crack cocaine guidelines. *Id.* at 422-23.

In 2010, Congress enacted the Fair Sentencing Act ("FSA"), Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010), and the Commission promulgated amendments to the Guidelines to lower penalties for crack cocaine convictions. The FSA increased the amount of crack cocaine necessary to trigger the mandatory minimum sentences for drug offenders. 21 U.S.C. § 841(b)(1). The Sixth Circuit Court of Appeals, in an *en banc* decision, held that the FSA's "new mandatory minimums do not apply to

defendants sentenced before it took effect," and neither the United States Constitution nor § 3582(c)(2) provides a basis for circumventing this interpretation. *United States v. Blewett,* 746 F.3d 647, 650 (6th Cir. 2013) *(en banc), cert denied,* 134 S.Ct. 1779 (2014).

Congress did not expressly indicate that the FSA would be applied retroactively. Based on *Blewett,* Worthey is not eligible for a retroactive application of the crack cocaine guidelines under the FSA since his sentence in 2009 was imposed before the FSA went into effect in 2010. *Blewett,* 746 F.3d at 650.

Accordingly,

IT IS ORDERED that the Court on Defendant Julian Anthony Worthey's Motion for Reduction of Sentence Pursuant to Fair Sentencing Act, 18 U.S.C. § 3582(c)(2), USSG 1.B1.10 and the 2011 crack cocaine amendments to the Sentencing Guidelines **(No. 30)** is DENIED.

_____
DENISE PAGE HOOD
United States District Judge

Dated: JUL 17 2014

3